IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| PGA SERVICE CORPORATION, | § |
| Plaintiff, | § § § |
| v. | §  Civil Action No. 3:17-cv-01334 |
| ALL WEB LEADS, INC., KATCH, LLC, QUOTEWIZARD.COM, LLC, | § § § § |
| Defendants. | § |

## DEFENDANT ALL WEB LEADS, INC.'S MOTION TO SEVER AND INCORPORATED MEMORANDUM OF LAW

Defendant All Web Leads, Inc. ("AWL") moves this Court pursuant to Federal Rule of Civil Procedure 21 to sever AWL from this action and create a new action in which AWL is not joined with Katch, LLC and QuoteWizard, LLC.

## BACKGROUND

Plaintiff filed the instant lawsuit against three unrelated defendants, alleging trademark infringement, unfair competition, and cybersquatting under the Lanham Act, as well as trademark infringement and unfair competition under Tennessee law. Dkt. 1. Although Plaintiff includes claims against each defendant in its Complaint, Plaintiff does not allege that the defendants are connected or that they acted in concert in committing the allegedly infringing activities. Instead, Plaintiff separately identifies each defendant and asserts independent instances of allegedly infringing internet advertisements, keywords, and/or domain names attributable to that specific defendant. *See id.* ¶¶ 34-63.

1

# ARGUMENT

Federal Rule of Civil Procedure 21 establishes that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Courts have broad discretion to sever a party under Rule 21 if the party has been misjoined or if severance is likely to avoid prejudice and confusion. *See, e.g.*, *Berryman v. Freed*, 2015 WL 2250985, at *5 (E.D. Mich. May 13, 2015)[1]. Because Plaintiff's inclusion of three completely unrelated defendants is likely to prejudice AWL and lead to procedural inefficiencies, AWL moves to sever itself from the other defendants and proceed in a new action.

## I. The Claims Do Not Arise out of the Same Transaction or Series of Transactions

Rule 21 does not provide any standards by which district courts can determine if parties have been misjoined. Accordingly, courts look to Rule 20 for guidance. Rule 20(a)(2) provides that persons may be joined in one action as defendants if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Courts have described Rule 20 as creating a two-pronged test, allowing joinder where (1) the plaintiff's claims arise out of the "same transaction, occurrence, or series of transactions or occurrences," ***and*** (2) there is at least one common question of law or fact linking all claims. *See, e.g.*, *Crutcher v. Commonwealth of Kentucky*, 961 F.2d 1576, 1992 WL 98020, at *3 (6th Cir. 1992). Although Rule 20 is liberally applied, this policy is not a license to join unrelated claims and defendants in a single suit. *See, e.g.*, *Pruden v. SCI Camp Hill*, 252 Fed. App'x 436 (3rd Cir. 2007); *George v. Smith*, 507 F.3d 605 (7th Cir. 2007); *Coughlin v. Rogers*, 130 F.3d 1348 (9th Cir. 1997). If the parties could not have been properly joined under Rule 20, courts consider

---

[1] All unpublished cases cited herein are attached as collective Ex. A.

2

Case 3:17-cv-01334 Document 24 Filed 01/11/18 Page 2 of 8 PageID #: 110

them to have been misjoined under Rule 21 and may sever the unrelated defendants. *See, e.g.*, *Malibu Media, LLC v. John Does 1-15*, 2013 WL 136239, at *2 (E.D. Mich. Jan. 10, 2013) (finding joinder improper under Rule 20 and severing defendant from action).

Here, it is clear from the Complaint that Plaintiff's claims against AWL do not arise from the "same transaction, occurrence, or series of transactions or occurrences" as the claims against the other defendants. *See* FED. R. CIV. P. 20(a)(2)(a). Although Plaintiff alleges that defendants are all "lead aggregators, whose businesses consist of providing sales leads to insurance companies," Plaintiff does not, and cannot, allege that defendants are the same entity or are owned by the same company such that their actions could be considered a series of transactions. *See* Dkt. 1 ¶ 24; *see also* Declaration of Jessica Leirer ("Leirer Decl."), attached as Ex. B, ¶ 2.

Nor does Plaintiff allege that defendants worked together to engage in the conduct at issue. Instead, Plaintiff includes a **separate section** for each defendant, in which it alleges facts specific to each defendant's alleged infringement. *See* Dkt. 1 ¶¶ 34-43 ("AWL's Unlawful Conduct); ¶¶ 44-53 ("QuoteWizard's Unlawful Conduct"); ¶¶ 54-63 ("Katch's Unlawful Conduct."). For example, in the section describing AWL's allegedly infringing conduct, Plaintiff lists the domain names allegedly owned by AWL, as well as the specific designs incorporating the term "general" allegedly used by AWL. *Id.* ¶ 35. These domains and designs are distinct from those that Plaintiff alleges QuoteWizard or Katch used. *Compare id.* ¶ 35, *with id.* ¶¶ 45, 55.

Even the section entitled "Factual Allegations Common to the Unlawful Conduct of All Defendants" does not include a single allegation that defendants worked together to commit the described acts. *See id.* ¶¶ 24-33. Nor could it. *See* Ex. B (Leirer Decl.) ¶¶ 3-4. Rather, Plaintiff's allegations indicate that each defendant independently engaged in the acts at issue, as

3

demonstrated by the fact that Plaintiff, even in this section, *separately lists* the allegedly infringing domain names, keywords, and advertisements used by each defendant. *See* Dkt. 1 ¶ 24 ("AWL Websites," "QuoteWizard Websites," "Katch Websites"); ¶ 28, Exhibit B (keywords allegedly used for specific domain names attributable to separate defendants); ¶ 29, Exhibit C (labeling each allegedly infringing advertisement with name of responsible defendant).

Indeed, the only commonality described in this section (or any other) is that each of the defendants is a lead aggregator who independently purchased keywords, used domain names, and displayed online advertisements Plaintiff believes infringe its trademarks. However, the mere fact that defendants allegedly infringed the same (vaguely defined) trademarks is simply not enough to establish that defendants' independent activities constitute the "same transaction, occurrence, or series of transactions or occurrences." *See, e.g.*, *Worldwide Digital Entertainment, LLC v. Woodstone Deli and Sports Grill, et al.,* 2014 WL 2442634, at *3 (E.D. Tenn. May 30, 2014) ("Here, Defendants may have committed the same type of violation in the same way, but again, that does not link defendants together for purposes of joinder") (citation omitted); *Malibu Media*, 2013 WL 136239, at *2 (finding joinder inappropriate even though each defendant engaged in the same type of infringing activity because the court could "discern no kind of definite or concrete relationship among" defendants).

Where, as here, "there is no allegation that the . . . defendants sued acted in concert" and each defendant allegedly "infringed upon the same trademark . . . separately, in time and place, from the other Defendants," joinder under Rule 20 is improper. *See, e.g.*, *Worldwide Digital*, 2014 WL 2442634, at *3 (quoting *Slep-Tone Enters. Corp. v. Mainville*, 2011 WL 4713230 (W.D. N.C. Oct. 6, 2011 ("Of particular concern to the Court is the lack of any connection between the claims against the various defendants. It appears that these cases are really separate

lawsuits combined together for no apparent reason except to avoid paying filing fees.")). Accordingly, as a matter of federal procedure, AWL should not be joined with the other defendants in this action.

## II. Severance is Proper to Serve Judicial Economy and to Avoid Prejudice and Confusion

Even where parties are properly joined under Rule 20, a court may still sever a party under Rule 21. *See Malibu Media*, 2013 WL 136239, at *2. In determining whether severance is proper, courts consider several factors, including: "(1) whether severance would serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses or evidence." *See Berryman*, 2015 WL 2250985, at *5.

Here, each factor weighs in favor of severance. First, because defendants are distinct entities and there is no connection between AWL's allegedly infringing activity and that of the other defendants, the claims against AWL necessarily involve completely different witnesses and evidence than the other defendants.[2]

Because of this, any judicial efficiencies ordinarily gained by combining claims in a single lawsuit are lost. Even if the defendants remain joined, each would have a separate attorney, and would need to engage in separate discovery. Moreover, each would have the right to be present at one another's depositions, resulting in greater expenses and scheduling issues. Similarly, at trial, the plaintiff will need to separately present its case against each defendant and each defendant will need time to present its own evidence, witnesses, and defenses, resulting in

---

[2] Although Plaintiff will have to prove ownership of its trademarks in each action, all trademark owners face such issues when filing infringement lawsuits. This commonality is insufficient to justify keeping the defendants joined. Otherwise, there would be no limit to the number of defendants a plaintiff could sue in one action, regardless of whether the defendants' actions were in any way related.

5

Case 3:17-cv-01334   Document 24   Filed 01/11/18   Page 5 of 8 PageID #: 113

days of unrelated testimony and hundreds of unrelated documents at trial. In cases such as this, judicial economy is better served by severing defendants. *See, e.g.*, *Malibu Media*, 2013 WL 136239, at *2 (severing defendants because "each defendant to this matter will certainly advance different circumstances surrounding the alleged infringement, and significantly different defenses to the claims; also each defendant will likely be represented by separate counsel, . . . which will present administrative inefficiencies if severance is not ordered.").

For the same reasons, AWL would be prejudiced if it remains in this case with the other defendants. Not only will AWL bear the burden of additional procedural headaches caused by unrelated discovery, motions, and trial, AWL will also be prejudiced by the significant risk of jury confusion that is likely to arise if the defendants are tried together. Although AWL had nothing to do with the actions underlying Plaintiff's claims against Katch and QuoteWizard, the fact-finder may be confused that AWL was somehow involved in the other defendants' allegedly infringing activity simply because the defendants are being tried together. Similarly, the fact-finder may improperly attribute evidence about one defendant's activities to another defendant. As just one example, if Plaintiff were to provide evidence that another defendant's conduct caused actual confusion, a factor which can be heavily weighed in the infringement analysis, the jury may wrongfully assume that this evidence also indicates that AWL's conduct has caused actual confusion.

In contrast, Plaintiff would not suffer any prejudice from the severance, and could likely move its case against AWL along faster if AWL were severed, as it would not need to coordinate depositions and trial around the schedules of other defendants and attorneys.

Accordingly, under the discretion granted to the Court by Rule 21, this Court should sever AWL from the other defendants in a new action.

## CONCLUSION

For the foregoing reasons, AWL respectfully requests the Court grant its motion to sever and order that Plaintiff's claims against AWL proceed separately from its claims against the remaining defendants.

Respectfully submitted,

BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.

/s/ Maia T. Woodhouse
Maia T. Woodhouse, TN Bar No. 30438
Baker Donelson Center, Suite 800
211 Commerce Street
Nashville, Tennessee 37201
Telephone: (615) 726-5753
Facsimile: (615) 744-5753
Email: mwoodhouse@bakerdonelson.com

Wendy C. Larson, Texas Bar No. 24055820
(motion for *pro hac vice* admission pending)
Jered E. Matthysse, Texas Bar No. 24072226
(motion for *pro hac vice* admission pending)
Alexandra H. Bistline, Texas Bar No. 24092137
(motion for *pro hac vice* admission pending)
PIRKEY BARBER PLLC
600 Congress Avenue, Suite 2120
Austin, Texas 78701
Telephone: (512) 322-5200
Email: wlarson@pirkeybarber.com
 jmatthysse@pirkeybarber.com
 abistline@pirkeybarber.com

*Attorneys for Defendant All Web Leads, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on January 11, 2018, the foregoing was electronically filed. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via U.S. mail, postage prepaid.

Nathan J. Bailey
Eric B. Fugett
WALLER, LANSDEN, DORTCH & DAVIS, LLP
Nashville City Center
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
Fax: (615) 244-6804
Email: nate.bailey@wallerlaw.com
      eric.fugett@wallerlaw.com

*Attorneys for Plaintiff PGA Service Corporation*

Kevin A. Rosenfield
Jackson Rosenfield LLP
2001 Sixth Avenue, Suite 3420
Seattle, Washington 98121
Tel: (206) 486-8903
Fax: 206) 801-3755
Email: kevin@jacksonrosen.com

Timothy G. Harvey
Jenna Lyn Harris
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
(615) 320-3700
Email: tharvey@rwjplc.com
      jharris@rwjplc.com

*Attorneys for Defendant QuoteWizard*

William Rava
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, Washington 98101

*Attorney for Defendant Katch, LLC*

                          /s/ Maia T. Woodhouse
                          Maia T. Woodhouse