# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| PGA SERVICE CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 3:17-CV-01334 |
| ) | |
| ALL WEB LEADS, INC.; ) | Judge Aleta A. Trauger |
| KATCH LLC; and ) | |
| QUOTEWIZARD.COM, LLC, ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO
## DEFENDANT QUOTEWIZARD.COM, LLC'S MOTION TO SEVER

Defendant QuoteWizard.com, LLC ("QuoteWizard") has moved this Court to sever Plaintiff PGA Service Corporation's ("The General®") claims against it because it asserts that the Complaint fails to allege common activities or common questions of fact or law among the Defendants (D.E. 34). QuoteWizard does not make any arguments of its own, relying instead on the arguments made in Defendant All Web Leads, Inc.'s ("AWL") pending Motion to Sever (D.E. 24).[1] Because the Complaint alleges claims arising from common activities and questions of law and fact, and because keeping the parties joined promotes judicial economy and avoids the possibility of inconsistent judgments, the Court should deny QuoteWizard's motion.

## RELEVANT FACTS

The Complaint alleges that Defendant QuoteWizard, as well as Defendants Katch LLC ("Katch") and AWL are lead aggregators in the business of directing – and, in this case, misdirecting – consumers to their websites so that they may profit from delivering such

---
[1] QuoteWizard's pleading is titled as a "Notice of Joinder in Defendant All Web Leads, Inc.'s Motion to Sever"; however, it seeks affirmative relief and was filed under the ECF category for motions.

consumers' business to insurance company partners and agents that compete with The General®. (*E.g.*, Compl. at ¶¶ 3-5, 24-35, 44-45, 54-55 (D.E. 1).) With respect to The General®, the Defendants deceive consumers by: (i) purchasing search engine keywords using The General®'s trademarks so that their advertisements appear in response to search queries for The General®; (ii) including The General®'s trademarks in their advertisements; and (iii) using The General®'s trademarks on their websites and in their website domain names. (*Id.*) As alleged in Paragraphs 27-28:

> 27. . . . Defendants purchase such keyword advertisements [utilizing The General®'s trademarks] from major Internet search engines, including at least Google® and Bing®. . . .
>
> 28. Specifically, Plaintiff has identified numerous keyword advertisements that Defendants have promulgated utilizing Plaintiff's trademarks, such as THE GENERAL, or other confusingly similar keywords. Within these paid advertisements, Defendants have been bidding on either Plaintiff's trademarks or confusingly similar keyword terms, such as, "the general," "the general insurance," "the general auto insurance," "the general.com," "the general insurance quotes," and "the general auto insurance" (collectively, the "Infringing Keywords"). . . .

(*Id.* at ¶¶ 27-28.) As evidenced by the screenshots attached as Exhibit C to the Complaint, the Defendants have participated in the same bidding process – with one another – to purchase the Infringing Keywords, which are then displayed in their advertisements alongside one another in response to a Google® search for "the general". (Compl. Ex. C (D.E. 1-3).) While consumers are ultimately (mis)led to Defendants' separate websites, the deceptive process and violation of The General®'s trademark rights begins with Defendants' bidding with one another in the same Google® keyword market (and other search engine keyword markets) for the Infringing Keywords. (*Id.* at ¶¶ 27-29.) Having bid on the Infringing Keywords, the Google® search results provide Defendants' advertisements together, containing The General®'s trademarks or confusingly similar terms, when a consumer searches Google® for "the general", as reflected in

the screenshot included in Paragraph 29 of the Complaint:



(*Id.* at ¶ 29; *see also id.* at Ex. C, containing an additional screenshot of search results.)

**ARGUMENT**

"Permissive joinder of defendants is proper when the alleged claim 'arises out of the same transaction, occurrence, or series of transactions or occurrences,' [(prong 1)] and 'any question of law or fact common to all defendants will arise in the action [(prong 2)].'" *Peterson v. Dean,* No. 3:09-cv-628, 2010 U.S. Dist. LEXIS 132928, *42 (M.D. Tenn. Dec. 14, 2010) (Wiseman, S.J.) (previously filed as D.E. 36-1) (quoting Fed. R. Civ. P. 20(a)(2)). "The Sixth Circuit has held the terms 'transaction or occurrence' in Rule 20(a) are to be 'given a broad and liberal interpretation in order to avoid a multiplicity of suits.'" *Id.* (quoting *Lasa Per L'Industria Del Marmo Societa Per Azioni v. Alexander,* 414 F.2d 143, 147 (6th Cir. 1969) (citation omitted)). Further, "the purpose of Rule 20(a) is to promote judicial economy and trial convenience." *Id.* at *43. "The rule is governed by the general principle of allowing 'the

broadest possible scope of action consistent with fairness to the parties.'" *Id.* (quoting *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966) (joinder of claims, parties and remedies is strongly encouraged)).

The first prong of the Rule 20 test is satisfied because The General®'s claims arise from the "same transaction, occurrence, or series of transactions or occurrences." The Defendants have participated in the same bidding process – with one another – to purchase the Infringing Keywords, which are then displayed in their advertisements alongside one another in response to a Google® search for "the general". (Compl. Ex. C (D.E. 1-3).) While consumers are ultimately (mis)led to Defendants' separate websites, the deceptive process and violation of The General®'s trademark rights begins with the "same transaction, occurrence, or series of transactions or occurrences" of Defendants' bidding with one another in the same Google® keyword market (and in other search engine keyword markets) for the Infringing Keywords. (Compl. at ¶¶ 27-29.) Having bid on the Infringing Keywords, the Google® search results provide Defendants' advertisements, containing The General®'s trademarks, in the "same transaction, occurrence, or series of transactions or occurrences," namely whenever a consumer searches Google® for "the general" – as evidenced by the screenshot below from Paragraph 29, as well as the additional screenshot included in Complaint Exhibit C:



The second prong of the Rule 20 test is satisfied because common questions of law and fact exist with respect to all Defendants. The claims against the Defendants involve the same conduct – Defendants bidding on Infringing Keywords and using them in online advertisements – and the same marks owned by The General®. Thus, the Court will be required to determine whether such identical use by Defendants infringes The General®'s trademark rights. To be sure, QuoteWizard has joined into AWL's Motion to Sever, in which AWL admits that common questions of law and fact exist, stating that a single action does not serve judicial economy because AWL will incur "greater expenses" in attending the depositions of the other Defendants. (Mot. at 5 (D.E. 24).) Of course, if AWL and QuoteWizard are genuine in their belief that the Defendants' actions and the relevant questions of law and fact are unrelated, there would be no reason for either to attend such depositions and no basis for the argument that a single action fails to serve judicial economy.

To be sure, judicial economy is best served through maintaining this litigation as a single action. Doing so respects the Court's time and resources by avoiding having to prepare for and hold three separate case management conferences, pretrial conferences, and trials, as well as reviewing three separate proposed case management orders and three separate proposed protective orders. A single action also prevents the possibility of inconsistent rulings regarding whether the same conduct performed by each Defendant constitutes trademark infringement and/or unfair competition. The final argument made by AWL (D.E. 24) and joined by QuoteWizard – that they would be prejudiced at trial if required to defend this action with the other Defendants – does not provide a basis for either Defendant's motion. This argument overlooks the judicial economy throughout discovery and motion practice in having a single action. Put simply, a single trial promotes judicial economy by having one jury trial, rather than three, and any alleged prejudice may be addressed through jury instructions.[2] Judicial economy is best served through maintaining this action as a single action.

Accordingly, The General® respectfully requests that the Court deny QuoteWizard's Motion to Sever.

---

[2] To the extent that QuoteWizard believes jury instructions would not prevent such alleged prejudice, it may move to sever the action for the limited purpose of trial if, at a later date, it has facts to support such motion. Potential trial prejudice does not support the loss of judicial economy for the entirety of the action leading up to trial.

s/ Todd R. Hambidge
Todd R. Hambidge (TN Bar No. 028671)
Joseph L. Watson (TN Bar No. 030397)
Eric B. Fugett (TN Bar No. 032454)
**WALLER LANSDEN DORTCH & DAVIS, LLP**
511 Union Street, Suite 2700
Nashville, TN  37219
Telephone: (615) 244-6380
Todd.Hambidge@wallerlaw.com
Joe.Watson@wallerlaw.com
Eric.Fugett@wallerlaw.com

*Attorneys for Plaintiff PGA Service Corporation*

# CERTIFICATE OF SERVICE

I hereby certify that a true and exact copy of the foregoing was filed with the Court on February 8, 2018, via the Court's ECF filing system. Notice of this filing will be sent by operation of the Court's CM/ECF system to counsel of record as indicated below. Parties may access the filing through the electronic filing system.

Wendy C. Larson
Alexandra H. Bistline
Jered E. Matthysse
Pirkey Barber PLLC
600 Congress Avenue, Suite 2120
Austin, TX 78701
wlarson@pirkeybarber.com
abistline@pirkeybarber.com
jmatthysse@pirkeybarber.com

*Counsel for Defendant All Web Leads, Inc.*

Howard G. O'Rear
McInteer & O'Rear PLC
2801 12th Avenue South
Nashville, TN 37204
howell@mcolawfirm.com

*Counsel for Defendant All Web Leads, Inc.*

Kevin A. Rosenfield
Jackson Rosenfield LLP
2001 Sixth Avenue, Suite 3420
Seattle, WA 98121
kevin@jacksonrosen.com

*Counsel for Defendant Quotewizard.com, LLC*

Jenna Lyn Harris
Timothy G. Harvey
Riley, Warnock & Jacobson
1906 West End Avenue
Nashville, TN 37203
jharris@rwjplc.com
tharvey@rwjplc.com

*Counsel for Defendant Quotewizard.com, LLC*

By Email to Counsel Not of Record:

William Rava
Perkins Coie LLP
1201 Third Avenue, Suite 4900
Seattle, WA 98101
WRava@perkinscoie.com

*Counsel for Defendant Katch, LLC*

                                                                         s/Todd R. Hambidge