IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| PGA SERVICE CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 3:17-cv-01334 |
| | ) | |
| v. | ) | JUDGE CAMPBELL |
| | ) | |
| ALL WEB LEADS, INC., KATCH, LLC and QUOTEWIZARD.COM, LLC, | ) ) | |
| | ) | |
| AWL. | ) | |
| | ) | |

## ORDER AND MEMORADUM OPINION

Pending before the Court is All Web Leads, Inc.'s ("AWL"), Motion for a More Definite Statement and Incorporated Memorandum of Law (Doc. No. 25), and QuoteWizard.com, LLC's Motion for Joinder in AWL's Motion for a More Definite Statement (Doc. No. 35). Plaintiff filed a response in opposition (Doc. No. 37), and AWL has replied. (Doc. No. 63). For the reasons discussed below, AWL's Motion for a More Definite Statement is **DENIED** and the Court **STRIKES** QuoteWizard.com, LLC's Motion for Joinder as moot because the Court dismissed QuoteWizard.com, LLC and Katch, LLC from the case. (Doc. No. 61).

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff brought this action against AWL, Katch, LLC, and Quotewizard.com, LLC (referred to collectively as "Defendants") alleging violations of Plaintiff's Trademark Rights. (Doc. No. 1). Plaintiff alleges Defendants are lead aggregators who provide sales leads to insurance companies. (*Id.* at ¶ 24). To promote their services, Defendants purchased keyword advertisements that consist of or incorporate one or more of "the GENERAL Marks" terms in order to advertise on major internet search engines. (*Id.* at ¶¶ 12, 27). Plaintiff asserts they have identified numerous

1

keyword advertisements that Defendants have circulated utilizing Plaintiff's trademarks. (*Id.* at ¶ 27). The Complaint further asserts that as a result of Defendants keyword purchases, when consumers enter a search term into an internet search engine, such as Plaintiff's trademark "The General", the search triggers advertisements for at least one of Defendants' websites. (*Id.* at ¶ 29). Plaintiff alleges Defendants unlawfully trade off Plaintiff's brand recognition in a deceiving manner that is intended to confuse consumers and damage Plaintiff's reputation. (*Id.*). Plaintiff asserts claims for federal and state trademark infringement, federal unfair competition, unfair competition in violation of Tennessee common law, and cybersquatting. (Doc. No. 1).

On January 11, 2018, AWL filed a motion for a more definite statement, arguing Plaintiff does not identify the specific trademarks that fall within the definition of "the GENERAL Marks" or the trademarks AWL allegedly infringed. (Doc. No. 25). AWL also filed a Motion to Sever. (Doc. No. 24). On April 11, 2018, Plaintiff filed motions to dismiss Katch, LLC and Quotewizard.com, LLC with prejudice, and the Court granted both motions. (Doc. Nos. 59-61). Plaintiff responded to AWL's Motion for a More Definite Statement on January 25, 2018. (Doc. No. 37).

## II. STANDARD OF REVIEW

Federal Rules of Civil Procedure Rule 12(e) provides that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Federal courts generally disfavor motions for more definite statements. *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. Sept. 28, 2009) (citing *Federal Ins. Co. v. Webne,* 513 F.Supp.2d 921, 924 (N.D. Ohio 2007). Thus, in view of the notice pleading standards of Rule 8(a)(2) and the opportunity for extensive pretrial discovery, courts rarely grant such motions. A motion under Rule 12(e) should

2

not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant in attempting to answer it." *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. Sept. 28, 2009); *see also Kesterson v. Moritsugu*, 1998 WL 321008, at *8 (6th Cir. 1998). Accordingly, if the complaint meets the notice pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the motion should be denied. *See U.S. Reyes*, 2015 WL 6440838, at *2-3 (W.D. Tenn. Oct. 22, 2015).

### III. ANALYSIS

AWL argues that Plaintiff failed to identify each of the trademarks they allegedly infringed. (Doc. No. 35 at 3). AWL asserts Plaintiff's Complaint lists a non-exhaustive list of trademarks, and generally alleges that AWL infringed those trademarks. (*Id.*). AWL states that although the defined term of "the GENERAL Marks" is meant to encompass all of Plaintiff's trademarks, the term does not include a specific list of the trademarks Plaintiff owns. (*Id.* at 3-4). AWL cites to *Adobe Sys. Inc. v. Software Speedy*, 2014 WL 7186682, at *6 (N.D. Cal. Dec. 16, 2014), in which the plaintiff included a "non-exhaustive list" of its trademark registrations and the court found that "such general references to all of Adobe's [trade]marks . . . is not enough to put a party on notice of trademark infringement." In that case, the district court requested the plaintiff to expressly list the trademarks it believed defendant had infringed, in light of the sheer number of trademarks the plaintiff referenced by incorporation into the complaint. *Id.* at *6. Here, AWL asserts the defined term of "the GENERAL Marks" is open-ended and the non-exhaustive list provided by Plaintiff is insufficient to allow AWL to properly respond. (Doc. No. 35).

Plaintiff asserts the Complaint pleads with specificity the trademarks and cites to paragraphs 11, 35, and 39. (Doc. No. 37 at 4-5). Plaintiff argues the Complaint details Plaintiff's rights in paragraphs 11-23 by including federal registrations for "the GENERAL Marks" and

3

providing copies of the relevant certificates of registration for the trademarks. (*Id.* at 5-6). Even if the Complaint is lacking in detail, the Complaint is not unintelligible. (*Id.* at 3). Instead, the boundaries of Plaintiff's trademark rights may be determined through discovery. (*Id.*). AWL replies that if the trademark information is not clear until the middle of discovery, this could cause inefficiencies in the litigation and discovery time could be lost. (Doc. No. 63).

While this district has not discussed the issue of a more definitive statement in trademark cases, other districts provide the pleading requirements for trademark infringement. *See Valoro, LLC v. Valero Energy Corp.* 2014 WL 3920035, at *4 (S.D. Fla. Aug. 11, 2014) (holding that "[m]erely listing a plurality of marks which a trademark holder has acquired. . . is not enough to put a party on notice of trademark infringement, nor is it appropriate for a party to make the blanket statement that the accused infringers 'have infringed its registered and unregistered marks.'" ), *Louisiana Pacific Corp. v. James Hardie Building Products, Inc.*, 2012 WL 5520394, at * 1-2, 6 (N.D. Cal. Nov. 14, 2012) (ordering trademark owner to "amend its Complaint to specifically identify each and every mark that defendant allegedly infringed" as such a requirement "is not an overly burdensome requirement and is necessary to provide [an accused infringer] with adequate notice"), *Lincoln Labs., Inc. v. Savage Labs., Inc.,* 26 F.R.D. 141, 143 (D. Del. 1960) ("[D]efendant's motion requests identification of each of the plaintiff's trade names and trademarks alleged to have been copied by the defendant. This is a request proper under a 12(e) motion.... [I]t is necessary for defendant, in the instant case, to be informed of the specific trade names and trademarks which are claimed to have been infringed, in order for defendant to make a responsive pleading. Defendant should not be required to guess which of the plaintiff's 60 trademarks he is supposed to be infringing...."), *Esquire, Inc. v. Lewis,* 16 F.R.D. 246, 246 (S.D. N.Y. 1954) (granting a motion for more definitive statement as "[t]he cause of action for

4

infringement of a registered trade-mark shall identify the trade-mark and its registration"). Many district courts apply more stringent pleading requirement in trademark infringement cases, and requires the complaint to identify the specific trademarks that were allegedly infringed.

Plaintiff's Complaint identifies eleven registered trademarks and twenty-one websites that have been owned and operated by the Plaintiff. (Doc. No. 1 at ¶¶ 13-15). The Complaint describes the method of AWL's conduct for the alleged trademark infringement, such as AWL creating websites with the same or similar domain names that would cause consumers to believe that AWL is associated with Plaintiff. (*Id.* at ¶¶ 27, 28-32, 34-43). Plaintiff includes websites, phrases, images, and names that display "the GENERAL Marks" that AWL allegedly uses to trade off Plaintiff's brand. (*Id.* at ¶¶ 34-35).

The Court concludes Plaintiff has fully appraised AWL of the trademarks at issue and the basis for the claim of trademark infringement. *See also Tempur-Pedic Intern. Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 971-72 (S.D. Tex. Nov. 6, 2012). Plaintiff sufficiently identified trademarks it believes at this juncture were infringed by AWL; the issues raised in AWL's motion can be clarified and developed during discovery. *Riverdeep Interactive Learning, Ltd. V. MPS Multimedia, Inc.*, 2006 WL 3797962, at *7 (N.D. Cal. Dec. 22, 2006) (citing that the proper tool for eliciting additional detail is discovery, not a Rule 12(e) motion). Accordingly, the Court **DENIES** AWL's motion for a more definitive statement.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

5

Case 3:17-cv-01334   Document 64   Filed 05/18/18   Page 5 of 5 PageID #: 500